## SUPREME COURT.

ARZENE J. LEDELIEY, respondent agt. MILLIE D. POWERS, appellant.

Where a *married woman* purchased certain farming stock and implements upon a certain farm, and gave a *chattel mortgage* thereof, signed by herself and others as security for the purchase money, and on the next day purchased said farm as her separate estate,

*Held*, in an action to charge her separate estate on failure to pay the purchase money for said chattel property, which property it was alleged she had converted and disposed of, that there was no equitable principle upon which a court should enforce the payment of the plaintiff's debt out of the *separate property of the defendant generally*. The fact was not found that the chattels were purchased and the debt incurred by the defendant for the benefit of her separate estate or any particular part or portion of it.

*Besides*, the plaintiff had a remedy at law on the *guaranty of payment* annexed to the chattel mortgage.

*New York General Term, July*, 1863.

SUTHERLAND, INGRAHAM and CLERKE, *Justices.*

APPEAL from a judgment against defendant upon a report of a referee.

S. Sanxay, *for appellant.*
A. J. Millard, *for respondent.*

By the court, Sutherland, P. Justice. This action was brought to charge the separate estate of the defendant, Millie D. Powers, the wife of Edward J. Powers, with the payment of the sum of $629.50, and interest thereon from the 31st day of October, 1856, the price of certain farming stock and implements, alleged to have been sold and delivered to her by the plaintiff on that day.

The complaint alleges that at the time of the sale of the chattels, the defendant promised and agreed to pay the $629.50 on the first day of May, 1857, with interest, and to secure such payment executed a chattel mortgage of the chattels to the plaintiff. This chattel mortgage is set out in the complaint, and also a guaranty or security clause annexed thereto, signed and sealed by V. R. Terry, Jr. and Edward J. Powers, by which, in consideration of the sale and delivery of the chattels to the defendant, and of one dollar, they guaranteed to the plaintiff the payment of the chattel mortgage, and covenanted and agreed, if default was made in the payment of the mortgage, that they would pay or make up any deficiency. The chattel mortgage and the security clause were on the trial put in evidence.

. The complaint also alleges, that at the time of the sale of the chattels and execution of the chattel mortgage, the defendant was seized and possessed of a farm in Westchester county, a farm in Orange county, and a farm in Columbia county, separate and independent of her husband, which farms are described in the complaint; that she had made default in the payment of the chattel mortgage; that the whole sum of $629.50 was due and owing; and that in disregard of her chattel mortgage she had wrongfully converted, sold and disposed of the said goods and chattels to other persons, so that the same were be-

yond the reach of the plaintiff, and could not be found by him.

The defendant in her answer alleged that the plaintiff did not sell or deliver to her, on her separate account, or at her request, the chattels; that she never possessed or had them; that she did not mortgage them, and had no right or property in them to mortgage; that she never made the promise alleged in the complaint, and never promised to pay the plaintiff the said sum of $629.50, and never intended to charge her separate estate, or did charge it on account of said chattels. She did not deny in her answer that at the time mentioned in the complaint she had and owned, separate and independent of her husband, the farms described in the complaint.

The evidence on the trial at special term was conflicting as to the execution of the chattel mortgage and as to the sale of the chattels to the defendant. The defendant, who was sworn as a witness, testified that she had never authorized her husband or any other person to purchase the chattels; that she had never had them or disposed of them, and had never authorized her husband or any person to receive them or to sell them. She did not deny that she signed the chattel mortgage; but she testified that she was told, when she signed it, that it related to real estate only, and that she signed it, thinking so; that she did not read it, nor was it read over to her; that she signed it at the request of Mr. Powers, as a paper relating to real estate, and that, believing it to be such paper, she signed it. On the part of the plaintiff there was evidence tending to show that the defendant knew the nature and purpose of the chattel mortgage when she signed it.

It appeared from the evidence of the plaintiff, who was sworn as a witness, that the sale of the chattels was negotiated through Mr. Powers, the husband of the defendant, who told the plaintiff that he was authorized to buy the chattels for her; that the chattels, when sold, were on a

farm in the town of Mount Pleasant, Westchester county, which farm the plaintiff conveyed to the defendant on November 1, 1856.

The justice who tried the case at special term found, as matters of fact, that on or about the 29th day of September, 1856, the defendant, by the said Edward J. Powers her agent, and acting by and with her authority, contracted with the plaintiff to purchase of him a certain farm of land in the town of Mount Pleasant, in the county of Westchester, which contract was executed, and said farm of land was conveyed to the defendant as her separate property and estate, on or about the first day of November, 1856 ; that on or about the 31st day of October, 1856, the plaintiff sold and delivered to the defendant, and the defendant, by her husband and agents, received the personal property in the complaint mentioned, which was then on the farm in the town of Mount Pleasant ; that the price or consideration agreed to be paid by the defendant for such personal property was $629.50, payable on the 1st of May, 1857, with interest from said 31st October, 1856, and that for securing such payment the defendant, on or about the last mentioned day, executed and delivered to the plaintiff the chattel mortgage set forth in the complaint, and that no part of said sum of $629.50 had been paid.

The principal and material question presented by the appeal in this case is, whether the facts admitted by the pleadings and the facts so found by the referee, authorized the conclusion of law to which the justice came, that the plaintiff was entitled to a judgment against the defendant and her separate estate for the sum of $629.50, interest and costs, and the judgment which was thereupon ordered and entered providing for enforcing the payment of the same out of the separate real and personal estate of the defendant generally. In my opinion they did not. The justice did not find as a fact, that the defendant, by the execution of the chattel mortgage, intended to charge her

separate estate generally; nor is such an intention to be inferred from the facts found and the admitted facts in the case.    There is nothing in the chattel mortgage showing or declaring such an intention.    Indeed, I think it may be said that the transaction itself, as stated in the complaint, rebuts or tends to rebut an inference or conclusion that the defendant intends to charge her real property described in the complaint, or her separate property generally. Her execution of the chattel mortgage, and thus charging the specific chattels covered by it with the payment of the $629.50, and the acceptance of the chattel mortgage, with the written guaranty of third parties of its payment annexed to it, by the plaintiff, show, or tend almost conclusively to show, that she did not intend to charge her separate estate generally, or any other property than the specific property mortgaged; and that the plaintiff trusted to the chattel mortgage and the guaranty annexed to it as his security for the payment of the money; and did not give credit to the defendant because she owned the farms described in the complaint or had separate property generally.

The justice did not find as a fact, that the chattels were purchased and the debt incurred by the defendant for the benefit of her separate estate, or any particular part or portion of it.    He found that the chattels, at the time of their purchase, were on the farm at Mount Pleasant, which, it would appear from the evidence and the findings of the justice, was conveyed to the defendant by the plaintiff the day after the purchase of the chattels and the execution of the chattel mortgage, and which farm, it was an undisputed fact in the case, the defendant had sold and conveyed before the commencement of this action.    There was nothing in the case which would have authorized the justice to find that the chattels were bought or the debt incurred for the benefit of any separate estate or property which the defendant had at the time of the trial.

In the report of the case of *Yale* agt. *Dederer*, when it was before the court of appeals the second time, (22 *N. Y. R.*, 461,) it is stated that a majority of the members of the court concurred in the opinion that the intention to charge the separate estate must be stated in the contract itself, or the consideration must be one going to the direct benefit of the estate.

I doubt whether that case will be considered as having authoritatively settled that the aid of a court of equity in such cases shall be thus limited.

But it was authoritatively decided in that case, the last time it was before the court of appeals, that where a married woman signs a promissory note as mere surety for her husband, that a court of equity will not enforce its payment out of her separate estate, unless her intention to charge her separate estate with the payment of the note was declared in the note or contract itself. When that case was before the court of appeals the first time, it was said (18 *N. Y. R.*, 276) that the obligation of a surety was " *stricti juris*," and that the contract of a married woman being void at law there was no equitable liability where she was mere surety.

A married woman, not being able to make a contract valid at law so as to bind herself personally, if she has a separate estate and contracts debts for her own benefit on the credit of it, it is just and right that a court of equity should enforce payment of the debts out of her separate estate. But we have seen that it was said in *Yale* agt. *Dederer*, when first before the court of appeals, that there was no ground for the equitable aid of the court in behalf of the creditor, where the married woman contracted or signed as mere surety. It was said that in such case the creditor should be left to his remedy at law.

So, in the principal case, the plaintiff having taken the chattel mortgage and personal guarantee of third parties for the payment of his debt, I think a court of equity

should leave him to his remedy by or under them. I do not think that from the facts found by the justice who tried the case, and on the conceded facts of the case, there is any equitable principle upon which a court should enforce the payment of the plaintiff's debt out of the separate property of the defendant generally.

The plaintiff has a remedy at law on the guaranty of payment annexed to the chattel mortgage.

The guarantors could not set up as a defence that the chattel mortgage, as the contract of a married woman, was void.

The judgment appealed from I think should be reversed, and a new trial granted with costs to abide the event.